# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TINA M. JOHNS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:22-cv-00762 |
| SYNCHRONY LENDING, INC. d/b/a SYNCHRONY BANK, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TINA M. JOHNS ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of SYNCHRONY LENDING, INC. d/b/a SYNCHRONY BANK ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* and under the Missouri Merchandising Practices Act ("MMPA") pursuant to Missouri Revised Statutes § 407.010, *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age and, at all times relevant, resided in the state of Missouri.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is the issuer and servicer of consumer-branded credit cards for consumers across the country, including those in the state of Missouri. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 170 Election Road, Suite 125, Draper, Utah 84020.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt which Plaintiff does not owe.

10. Prior to the conduct giving rise to these claims, Plaintiff's husband, James Lewis Johns, Jr. ("James"), obtained a credit account ("subject consumer debt") from Defendant.

11. Subsequent to obtaining the subject consumer debt, James passed away, on or about October 26, 2018.

12. Subsequent to her husband's passing, Plaintiff sent a copy of James' death certificate to all of his creditors.

13. Sometime in the year 2022, Defendant began placing debt collection phone calls to Plaintiff's personal cellular phone, (417) XXX-1611.

14. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1611. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has primarily used the phone number, (855) 844-0114, when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

16. Upon information and belief, Defendant regularly utilizes the above-referenced phone number ending -0114 during its debt collection activity.

17. Upon speaking with Defendant for the first time, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt. Plaintiff explained that James had passed away and that she has a death certificate to prove it. Plaintiff further requested that she not be called anymore.

18. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone, essentially every day, and, as a result, causing Plaintiff emotional distress.

19. Plaintiff has repeatedly expressed her displeasure with Defendant's calls and has requested they cease in calling her, but to no avail.

20. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

21. Many of Defendant's persistent calls have resulted in prerecorded messages being delivered to Plaintiff's cellular phone.

22. Plaintiff has received dozens of calls from Defendant, including many involving the use of prerecorded messages, despite her repeated requests that the calls cease.

23. Frustrated over Defendant's conduct, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Respondent's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, constant reminders that her husband passed away and is gone, and numerous violations of her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

28. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

29.  Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using prerecorded messages without Plaintiff's consent. Plaintiff never consented to receiving any phone calls from Defendant, let alone any calls using prerecorded messages. Even

4

if such consent did exist, Plaintiff explicitly revoked demand for Defendant's phone calls by virtue of demanding that the phone calls cease. As such, Defendant called Plaintiff numerous times and left prerecorded messages notwithstanding its lack of consent to do so.

30.  The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TINA M. JOHNS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1);

   c.  Awarding Plaintiff costs and reasonable attorney fees;

   d.  Enjoining Defendant from further contacting Plaintiff; and

   e.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Mo. Rev. Stat. § 407.010(5) of the MMPA.

33. The MMPA prohibits any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the same or advertisement of any merchandise in trade or

commerce….whether committed before, during, or after the sale, advertisement, or solicitation." Mo. Rev. Stat. § 407.020(1).

34. "Sale" is defined as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit." Mo. Rev. Stat. § 407.010(6).

35. Defendant's collection actions are "in connection with" a credit transaction. *See, Id*. and *Jackson v. Barton*, 548 S.W.3d 263 (Mo. 2018).

36. Defendant violated the MMPA by engaging in an unfair and deceptive acts and practices while collecting or attempting to collect the subject consumer debt from Plaintiff. It was inherently unfair and deceptive for Defendant to place phone calls to Plaintiff after Plaintiff asked Defendant to stop doing so.

37. More grossly, Defendant violated the MMPA by unfairly and deceptively seeking collection of the subject consumer debt from Plaintiff as she did not owe such.

38. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff by repeatedly calling her. Defendant never had consent to contact Plaintiff, illustrating the deceptive nature of its contact efforts. Further, that such unlawful contacts continued following Plaintiff's demands that such contacts cease illustrates the extent to which Defendant deceptively placed its phone calls in an effort to force Plaintiff into making a payment, regardless of whether the debt is owed or not.

WHEREFORE, Plaintiff, TINA M. JOHNS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff punitive damages provided by Mo. Rev. Stat. § 407.025(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: July 18, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com